**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 099180
Stephen E. Horan, SBN 125241
William E. Camy, SBN 291397
350 University Avenue, Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Bruce S. Alpert, County Counsel
OFFICE OF COUNTY COUNSEL
COUNTY OF BUTTE
25 County Center Drive
Oroville, CA 95965
Tel:   (530) 538-7621
Fax:   (530) 538-6891

Attorneys for Defendants, COUNTY OF BUTTE, MATT KEELING, BRIAN EVANS, ROBERT ALLEN, and BENJAMIN CORNELIUS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CATHERINE SMITH, individually and as joint successor-in-interest to Decedent CORY BUSH; M.B., a minor, individually and as joint successor-in-interest to Decedent CORY BUSH, through his Guardian Ad Litem, VICTORIA MOSELEY,<br><br>　　　　　　　Plaintiffs,<br><br>vs.<br><br>COUNTY OF BUTTE, a municipal corporation; MATT KEELING, individually and in his capacity as a Sergeant for the COUNTY OF BUTTE; BRIAN EVANS, individually and in his capacity as a deputy sheriff for the COUNTY OF BUTTE; ROBERT ALLEN, individually and in his capacity as a deputy sheriff for the COUNTY OF BUTTE; BENJAMIN CORNELIUS, individually and in his capacity as a deputy sheriff for the COUNTY OF BUTTE and<br><br>DOES 1-25, inclusive, individually, jointly and severally,<br><br>　　　　　　　Defendants.<br>_____/ | **Case No.: 2:15-cv-00988-KJM-CMK**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Complaint Filed:   05/06/2015<br>Trial Date:   05/16/2017 |

{01534384.DOC}                                    1
**STIPULATED PROTECTIVE ORDER**

Defendants COUNTY OF BUTTE, SERGEANT MATT KEELING, DEPUTY BRIAN EVANS, DEPUTY ROBERT ALLEN, and DEPUTY BENJAMIN CORNELIUS in good faith believe that the following documents contain information that is (a) confidential, sensitive, or potentially invasive of an individual's privacy interests; (b) not generally known; (c) not normally revealed to the public or third parties, or, if disclosed to third parties, would require such third parties to maintain the information in confidence and (d) protected by the federal common law official information privilege.

**STIPULATION AND PROTECTIVE ORDER**

Defendants take the position that these documents are Confidential:

1. Personnel records of County of Butte's Sheriff personnel, including Deputies BRIAN EVANS, ROBERT ALLEN, BENJAMIN CORNELIUS, and Sergeant MATT KEELING, employed by Butte County Sheriff's Department, including but not limited to documents concerning, relating or referring to: background investigations, hiring, appointment, termination, job performance and evaluations, awards, commendations, and recognition of all professional accomplishments, training, internal affairs investigative files, citizen complaints, charges of misconduct, resulting discipline or retraining.

**A.   DEFINITIONS**

The following definitions shall apply to this Protective Order:

1. The "Action" shall mean and refer to the above-captioned matter and to all actions now or later consolidated with the Action, and any appeal from the Action and from any other action consolidated at any time under the above-captioned matter, through final judgment.

2. "Document" refers to all things that come within the definition of "document" contained in Evidence Code section 250 and the California Rules of Civil Procedure; including, without limitation, documents of any kind, however reproduced and however transcribed or translated; electronic storage devices, electronic recordings of any kind, including computer program files, data files, source code, CD-ROM, or electronic mail; photographs or other visual or audio visual recording of any kind; including still or motion pictures, microfilm, microfiche, videotapes, or laser discs; and sound recording of any kind, including voicemail, cassette,

microcassettes, or compact discs. Every original draft, iteration or non-identical copy is a separate Document as that term is used herein.

3. "Confidential" shall mean information designated "Confidential" pursuant to this Protective Order. Information designated "Confidential" shall be information that is confidential and implicates common law and statutory privacy, proprietary business, commercial and trade secret interests of the Parties, patient health information as determined in good faith by the attorneys representing the Designating Party. Confidential Documents, material, and/or information shall be used solely for purposes of litigation. Confidential Information shall not be used by the non-Designating Party for any business or other purpose, unless agreed to in writing by all Parties to this action or as authorized by further order of the Court.

4. "Confidential Document" shall mean any Document that any Producing Party (as defined below) designates as "Confidential" in the manner set forth in this Protective Order; provided, however, that by agreeing to this Protective Order, no Party waives the right to challenge any other Party's designation of any Document as "Confidential."

5. "Confidential Information" shall mean any information not made available to the general public that concerns or relates to private information, proprietary business and financial information, protected health information, and/or any other privileged information that any Producing Party contends should be protected from disclosure and that may be subject to a protective order under applicable law.

6. "Designating Party" shall mean the party in this Action, or any third parties, designating a Document as "Confidential."

7. "Producing Party" shall mean the Party producing Documents or providing testimony or other written discovery responses in this Action, whether informally or pursuant to the California Rules of Civil Procedure and any other applicable laws or rules of court.

8. "Receiving Party" as used herein shall mean the Party that receives disclosure or discovery material in this action.

9. "Legend" as used herein shall mean a stamp or similar insignia stating "Confidential," or other appropriate term or terms identifying the level of confidentiality of the

Document.

10. When reference is made to any Document, the singular shall include the plural, and the plural shall include the singular.

## B. TERMS OF THE PROTECTIVE ORDER

IT IS HEREBY STIPULATED by, among and between the parties through their counsel of record, that the documents described herein may be designated as "Confidential" by the COUNTY OF BUTTE, SERGEANT MATT KEELING, DEPUTY BRIAN EVANS, DEPUTY ROBERT ALLEN, and DEPUTY BENJAMIN CORNELIUS and produced subject to the following Protective Order:

1. The disclosed documents shall be used solely in connection with the civil case Smith, et al. v. County of Butte, et al., Case No. 2:15-CV-00988-GEB-CMK (USDC EDCA) and in the preparation and trial of the case. The Parties do not waive any objections to the admissibility of the documents or portions thereof in future proceedings in this case, including trial. Any documents submitted in any related litigation that were under seal remain under seal in this action.

2. A party producing the documents and materials described herein may designate those materials as confidential by affixing a mark labelling them "Confidential" provided that such marking does not obscure or obliterate the content of any record. If any confidential materials cannot be labeled with this marking, those materials shall be placed in a sealed envelope or other container that is in turn marked "Confidential" in a manner agreed upon by the disclosing and requesting parties. Documents may also bear a mark labelling them "Redacted" to protect third party privacy rights and information not subject to disclosure.

3. Documents or materials designated under this Protective Order as "Confidential" may only be disclosed to the following persons:

(a) John L. Burris, Esq. of THE LAW OFFICES OF JOHN L. BURRIS, partners and associate attorneys in that office, if any, as counsel for Plaintiffs CATHERINE SMITH and M.B., a minor, through his Guardian Ad Litem, VICTORIA MOSELEY in the case enumerated above;

(b) Stephen E. Horan of PORTER SCOTT, partners and associate attorneys in his

{01534384.DOC}  4
**STIPULATED PROTECTIVE ORDER**

office, as counsel for Defendants COUNTY OF BUTTE, SERGEANT MATT KEELING, DEPUTY BRIAN EVANS, DEPUTY ROBERT ALLEN, and DEPUTY BENJAMIN CORNELIUS in the case enumerated above;

(c) Paralegal, clerical, and secretarial personnel regularly employed by counsel referred to in subparts (a), (b) and (c) immediately above, including stenographic deposition reports or videographers retained in connection with this action;

(d) Court personnel, including stenographic reporters or videographers engaged in proceedings as are necessarily incidental to the preparation for the trial in the civil action;

(e) Any expert, consultant, or investigator retained in connection with this action;

(f) The finder of facts at the time of trial, subject to the court's rulings on in limine motions and objections of counsel; and,

(g) Witnesses during their depositions in this action.

4. As to all documents or materials designated as "Confidential" pursuant to this Stipulated Protective Order, the parties agree that they will seek permission from the Court to file the Confidential information under seal according to Local Rule 141. If permission is granted, the Confidential material will be filed and served in accordance with Local Rule 141.

5. The designation of documents or information as "Confidential" and the subsequent production thereof is without prejudice to the right of any party to oppose the admissibility of the designated document or information.

6. A party may apply to the Court for an order that information or materials labeled "Confidential" are not, in fact, confidential. Prior to applying to the Court for such an order, the party seeking to reclassify Confidential information shall meet and confer with the producing party. Until the matter is resolved by the parties or the Court, the information in question shall continue to be treated according to its designation under the terms of this Stipulated Protective Order. The producing party shall have the burden of establishing the propriety of the "Confidential" designation. A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto.

7. <u>Copies of Confidential Documents</u>

The following procedures shall be utilized by the parties in production of documents and materials designated as "Confidential":

(a) Counsel for parties other than the Defendants shall receive one copy of the Confidential documents at no charge.

(b) Counsel for parties other than the Defendants shall not copy, duplicate, furnish, disclose, or otherwise divulge any information contained in the confidential documents to any source, except those persons identified in Paragraph 3 herein, without further order of the Court or authorization from counsel for the Defendants. But should counsel disclose the information to anyone under this provision, then counsel shall notify the attorneys of record for the other parties at least 10 days before the disclosure so that additional protective orders may be sought from the Court.

(c) If the other parties in good faith require additional copies of documents marked "Confidential" in preparation of their case, they shall make a further request to counsel for the Defendants.  Upon agreement with counsel for the Defendants, copies will be produced in a timely manner to the requesting party, pursuant to the procedures of this Stipulated Protective Order.  Agreement shall not be unreasonably withheld by counsel for the Defendants.

8. If any document or information designated as Confidential pursuant to this Stipulated Protective Order is used or disclosed during the course of a deposition, that portion of the deposition record reflecting such material shall be stamped with the appropriate designation and access shall be limited pursuant to the terms of this Stipulated Protective Order.  The court reporter for the deposition shall mark the deposition transcript cover page and all appropriate pages or exhibits and each copy thereof, in accordance with paragraph 4 of this Stipulated Protective Order.  Only individuals who are authorized by this Protective Order to see or receive such material may be present during the discussion or disclosure of such material.

9. Notwithstanding the provisions of Paragraph 3, confidential information produced pursuant to this Protective Order may not be delivered, exhibited or otherwise disclosed to any

reporter, writer or employee of any trade publication, newspaper, magazine or other media organization, including but not limited to radio and television media.

11. Should any information designated confidential be disclosed, through inadvertence or otherwise, to any person not authorized to receive it under this Protective Order, the disclosing person(s) shall promptly (a) inform counsel for the Defendants of the recipient(s) and the circumstances of the unauthorized disclosure to the relevant producing person(s) and (b) use best efforts to bind the recipient(s) to the terms of this Protective Order.

12. No information shall lose its confidential status because it was inadvertently or unintentionally disclosed to a person not authorized to receive it under this Protective Order.  In addition, any information that is designated confidential and produced by the Defendants does not lose its confidential status due to any inadvertent or unintentional disclosure.  In the event that the Defendants make any such inadvertent disclosure, the documents which are confidential will be identified accordingly, marked in accordance with Paragraph 2 above, and a copy of the Confidential-marked documents provided to the other parties to this action.  Upon receipt of the Confidential-marked documents, the receiving parties will return the unmarked version of the documents to counsel for the Defendants within fourteen (14) days.

13. After the conclusion of this litigation, all documents and materials, in whatever form stored or reproduced containing confidential information will remain confidential.  All documents and materials produced to counsel for the other parties pursuant to this Stipulated Protective Order shall be returned to counsel for the Defendants in a manner in which counsel will be able to reasonably verify that all documents were returned.  All parties agree to ensure that all persons to whom confidential documents or materials were disclosed shall be returned to counsel for Defendants.  "Conclusion" of this litigation means a termination of the case following a trial or settlement.

14. No later than thirty (30) days after settlement or of receiving notice of the entry of an order, judgment, or decree terminating this action, all persons having received the confidential documents shall return said documents to counsel for the Defendants.

//

15.    If any party appeals a jury verdict or order terminating the case, counsel for the Defendants shall maintain control of all copies of confidential documents. If following an appeal the district court reopens the case for further proceedings, the documents shall be returned to counsel for the other parties.

16.    This Stipulated Protective Order shall remain in full force and effect and shall continue to be binding on all parties and affected persons until this litigation terminates, subject to any subsequent modifications of this Stipulated Protective Order for good cause shown by this Court or any Court having jurisdiction over an appeal of this action. Upon termination of this litigation, the parties agree the Stipulated Protective Order shall continue in force as a private agreement between the parties.

17.    During the pendency of this lawsuit, the Court shall (a) make such amendments, modifications and additions to this Protective Order as it may deem appropriate upon good cause shown; and, (b) adjudicate any dispute arising under it.

**IT IS SO STIPULATED.**

Dated: April 7, 2016                  THE LAW OFFICES OF JOHN L. BURRIS

By   /s/ John L. Burris (authorized 4/7/16)
John L. Burris
Ben Nisenbaum
James Cook
Attorneys for Plaintiffs

Dated: April 22, 2016              PORTER SCOTT
A PROFESSIONAL CORPORATION

By   /s/ Stephen E. Horan
Terence J. Cassidy
Stephen E. Horan
William E. Camy
Attorneys for Defendants

{01534384.DOC}        8

**STIPULATED PROTECTIVE ORDER**

**ORDER**

FOR GOOD CAUSE SHOWN, the foregoing Protective Order, requested by stipulation of the parties, is hereby entered.

**IT IS SO ORDERED.**

Dated:  April 29, 2016

_____
CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE